UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------------X
| | |
|---|---|
| AVOCET SHIPPING,LLC, | : |
| BITTERN SHIPPING LLC, | : |
| CANARY SHIPPING LLC, | : |
| CRANE SHIPPING LLC, | : |
| EGRET SHIPPING LLC, | : |
| FALCON SHIPPING LLC, | : |
| GREBE SHIPPING LLC, | : |
| IBIS SHIPPING LLC, | : |
| KINGFISHER SHIPPING LLC, | : |
| MARTIN SHIPPING LLC, | : |
| NIGHTHAWK SHIPPING LLC, | : |
| SHRIKE SHIPPING LLC, | : |
| THRUSH SHIPPING LLC, | : |
| and WREN SHIPPING LLC | : |
| | : |
| Plaintiffs, | : |
| | : |
| - against - | : |
| | : |
| NAVIG8 BULK POOL INC. | :   16 CV_____ |
| | : |
| Defendant. | : |

----------------------------------------------------------X

## MOTION FOR ORDER DIRECTING PROCESS OF MARITIME ATTACHMENT

Plaintiffs AVOCET SHIPPING, LLC, BITTERN SHIPPING LLC, CANARY SHIPPING LLC,CRANE SHIPPING LLC, EGRET SHIPPING LLC,   FALCON SHIPPING LLC, GREBE SHIPPING LLC, IBIS SHIPPING LLC, KINGFISHER SHIPPING LLC, MARTIN SHIPPING LLC, NIGHTHAWK SHIPPING LLC, SHRIKE SHIPPING LLC, THRUSH SHIPPING LLC, and WREN SHIPPING LLC   (collectively   referred   to   as "Plaintiffs"), by and through their attorneys, Tisdale Law Offices, LLC submit within  Motion for an Order Directing Issuance of Ex Parte Maritime Attachment and Garnishment.

As more fully discussed in the accompanying Affidavit of Timothy J. Nast in support of the application for a maritime attachment, Plaintiffs have satisfied all requirements necessary to obtain a maritime attachment pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

There are two purposes underlying maritime attachments.  First, attachment provides a means to assure satisfaction if a suit is successful.  The second purpose is "to insure a defendant's appearance in an action, an aspect of attachment inextricably linked to a plaintiff's substantive right to recover." *Aurora Maritime Co. v. Abdullah Mohamed Fahem & Co.*, 85 F.3d 44, 48 (2d Cir. 1996).

Under Supplemental Rule B, "an order of maritime attachment must issue upon a minimal prima facie showing," that the defendant cannot be "found within" the federal district in which the assets are to be attached.  *DS Bulk Pte. Ltd. v. Calder Seacarrier Corp.*, 05 Civ. 10146 (SHS), 2006 U.S. Dist. LEXIS 39242, at *3 (S.D.N.Y. June 13, 2006)(citing Fed. R. Civ. P. Supp. R. B advisory committee's 1985 note ("The . . . order will issue when the plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district.")). To obtain an order of attachment, "the plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district." Fed. R. Civ. P. Supp. R. B(1)(b).

The Supplemental Admiralty Rules governing maritime attachment are not intended to resolve the dispute between the parties at the attachment stage, rather only the technical requirements of the Rule need to be met.  *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 447 (2d Cir. 2006)(overruled on other grounds).

Courts consistently note the same four requirements for a Rule B claim. The Plaintiff must show that:

1) it has a valid *prima facie* admiralty claim against the defendant;

2) the defendant cannot be found within the district;

3) the defendant's property may be found within the district; and

4) there is no statutory or maritime law bar to the attachment.

*Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008).

As to the first requirement, it is well established that charter parties are maritime contracts which courts sitting in admiralty can enforce. *Armour & Co. v. Fort Morgan S.S. Co.*, 270 U.S. 253, 259 (1926); *J. B. Effenson Co. v. Three Bays Corp.*, 238 F.2d 611, 615 (5th Cir. 1956) ("a charter party is a maritime contract and that as between the parties to it the Federal District Courts sitting in admiralty have jurisdiction to determine obligations arising from it."). It is well settled that cases involving marine contracts give rise to admiralty jurisdiction. See *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23 (2004). In this case, the breaches of the Pool Agreements and incorporated charter parties by Defendant Navig8 give rise to a maritime claim.

The Affidavit of Timothy J. Nast and the Verified Complaint establish the second and third requirements necessary to obtain a Rule B attachment. The Defendant, or its agent(s) cannot be "found" within this judicial district. As to the third requirement, property due and owing to the Defendant is believed to be held in the hands of Glencore Ltd., Castleton Commodities Int'l, LLC, Noble Chartering Corp., Louis Dreyfus Company LLC, and Trafigura AG, which have places of business within this Judicial District. There are no statutory or maritime law bars to this attachment.

The court will not engage in a fact intensive inquiry regarding the technical requirements

of Rule B at the attachment stage. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 447 (2d Cir. 2006).

Therefore, the Court should authorize process of maritime attachment and grant this motion. As set forth in greater detail in the Verified Complaint, this is a time-sensitive matter and the Writ of Attachment must be issued and served with all deliberate speed. A proposed Order is attached hereto as Exhibit 1 for the Court's convenience. A proposed Writ of Attachment is attached as Exhibit 2.

Dated: Southport, CT
June 15, 2016

                                    Attorneys for Plaintiffs,

                        By: _____/s/_____
                             Thomas L. Tisdale (CT06793)
                             Timothy J. Nast (CT 28663)
                             Tisdale Law Offices, LLC
                             10 Spruce Street
                             Southport, CT 06890
                             Tel:    203-254-8474
                             ttisdale@tisdale-law.com
                             tnast@tisdale-law.com